**FLAVORLAND INDUSTRIES, INC.,**
**Respondent-Appellant,**

v.

**UNITED STATES of America,**
**Petitioner-Appellee.**

No. 78–3285.

United States Court of Appeals,
Ninth Circuit.

Feb. 20, 1979.

Thomas H. S. Brucker (argued), Seattle, Wash., for respondent-appellant.

Catherine G. O'Sullivan (argued), Washington, D.C., for petitioner-appellee.

Before SNEED and ANDERSON, Circuit Judges, and D. WILLIAMS, District Judge.[*]

## ORDER

The federal Grand Jury in Seattle subpoenaed discovery materials possessed by Flavorland Industries, Inc. consisting of depositions taken of its employees and responses to interrogatories which were a part of discovery in a state court antitrust action between private parties. Flavorland is one of several meat packers being sued in King County, Washington. On June 2, 1977, Superior Court Judge Robert M. Elston issued a protective order which prevents the disclosure of any document, including depositions, to any one other than a party to the state court action. Flavorland refused to produce the depositions and interrogatories to the Grand Jury and Judge William J. Lindberg held the corporation in civil contempt, and ordered it to produce. This appeal followed.

Flavorland's non-compliance was that it believed the subpoena exceeded the Grand Jury's authority and that it was against Flavorland's interest to produce the material. Additionally, it notes that the materials sought are the subject of Judge Elston's protective order.

This Court has no desire to issue an order which would have the effect of contravening any purpose of Judge Elston in preserving the orderly process of the private litigation involving Flavorland which is pending before him. We have reviewed his remarks from the bench on June 15, 1978, and perceive therefrom no intention or purpose on his part to prevent the documents coming to the federal Grand Jury which is investigating a possible indictment of Flavorland.

We reject the defense that the subpoena exceeded the Grand Jury's authority; *Costello v. U. S.*, 350 U.S. 359, 362, 76 S.Ct. 406, 100 L.Ed. 397; and that it is against the company's interest to produce the material. Likewise, Flavorland has no standing to assert alleged Fourth and Fifth Amendment rights of its employees. It is our opinion that respondent has not done all it might to remove any impediment to its ability to comply that was created by the state court protective order which respondent urged Judge Elston to fashion. We, therefore direct counsel for Flavorland to petition Judge Elston for a modification of his protective order as it effects Flavorland, so that the judge may indicate whether it

[*] The Honorable David W. Williams, United States District Judge for the Central District of Caifornia, sitting by designation.

was his intention to shield this discovery material from the federal Grand Jury. We note that two other meat packer-defendants in the state court action successfully petitioned the judge to modify his order as it pertained to their discovery material.

Flavorland's counsel is directed to petition the state court for a modification of the protective order to permit production of the documents to the Grand Jury within five days of the entry of this order and notice thereof to said counsel. Counsel shall further attach a copy of the order of this court to his petition for modification. The petition shall respectfully request an expedited ruling, and counsel for Flavorland shall forward a copy of such ruling forthwith to Catherine G. O'Sullivan of the Department of Justice and a copy to the Honorable William J. Lindberg, United States District Judge for the Western District of Washington for any further proceedings that Judge Lindberg may deem appropriate in a possible reconsideration of the contempt proceeding.