## WILLARD v. GASTON.

1. DISCOVERY—SUBPOENA DUCES TECUM.
    A party seeking production and discovery of documents in order to prepare for trial must allege that the information cannot be obtained at the trial of the case by *subpoena duces tecum* (Court Rule No 40 [1945]).

2. SAME—SUFFICIENCY OF SHOWING.
    Petition for discovery in suit for accounting to plaintiff job solicitor for roofing contractor, which alleged facts showing necessity for checking amount of labor and materials that went into each job from defendant's records in order to cross check with suppliers and urging that a *subpoena duces tecum* would not give the necessary information in order to prepare for trial made a sufficient showing to warrant granting petition for discovery (Court Rule No 40 [1945]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] Generally as to discovery of documents, see 17 Am Jur, Discovery and Inspection § 26 *et seq.*

3. SAME—DISCRETION OF COURT.

    The granting of discovery in order to prepare for trial is discretionary with the court (Court Rule No 40 [1945]).

Appeal from Jackson; Boardman (Harry D.), J. Submitted April 11, 1952. (Docket No. 59, Calendar No. 45,377.) Decided May 16, 1952.

Bill by Lee Roy Willard against Dean Gaston, doing business as Tri-State Roofers, for accounting. Decree for defendant. Plaintiff appeals. Reversed and remanded for granting of petition for discovery.

*Robert Crary* and *Robert Crary, Jr.,* for plaintiff.

*John J. Gallagher,* for defendant.

SHARPE, J. Plaintiff, Lee Roy Willard, on or about January 15, 1950, entered into an agreement with defendant, Dean Gaston, doing business as Tri-State Roofers, to solicit business for defendant. Under the agreement plaintiff was to solicit the business, estimating the cost of the jobs according to the schedule, and set a contract price for each job. Defendant was to complete the job, deducting the cost of materials used on each job, adding a profit of 20% above cost of labor and materials, and the balance to be paid plaintiff for soliciting the job.

Plaintiff continued his employment with defendant until on or about May 26, 1950. During the course of his employment plaintiff secured a number of profitable jobs for building and repairing buildings. During this period plaintiff had a drawing account of $50 weekly. Under the contract plaintiff did not collect any of the payments after the several jobs were completed. All disbursements for labor and materials were made by defendant; all records, receipts, invoices and contracts were at all times in the

possession of defendant. Prior to the commence-
ment of the present suit plaintiff demanded an ac-
counting from defendant, and subsequently filed a
petition for discovery and continuance, in which it
is alleged:

"2. That the general nature, object and purpose
of said action is for an accounting between the par-
ties on account of certain building contracts obtained
by the plaintiff and carried out by the defendant.
That by reason of the fact that all material and la-
bor were purchased by the defendant, it is necessary
to check his files to ascertain the veracity of his ac-
counts for material and labor purchased. That a
total of 21 contracts were so let ranging from $165
to $2,160. That these contracts range in places from
Holly and Pontiac, Michigan, north of Lansing, Mich-
igan, and south of New Hudson, Michigan. That
supplies were alleged to have been purchased from
nearly all suppliers of building materials in the en-
tire area described.

"3. That under agreement of counsel, 10 of the
contract files of the defendant were shown to the
plaintiff and the 11 other contract files among which
are the following:

| | |
|---|---:|
| Harold Van Wagoner | $   230 |
| D. R. Miller | 550 |
| Lubert Warner | 300 |
| Grace Nichols | 615 |
| Frank Bradley | 350 |
| Ervin Whittaker | 495 |
| Albert Boulton | 530 |
| Lloyd Kleinsmith | 1,490 |
| William Gibson | 1,940 |
| Agnes Johns | 165 |
| Archie Willard | 580 |

have not been shown to the plaintiff, although the de-
fendant has often been requested so to do, and the
defendant has informed the plaintiff that many of
the said 11 contract files were on file in the municipal
court for the city of Jackson, Michigan, as exhibits,

but that inquiry at such court and inspection of the court files by the plaintiff and the plaintiff's attorney, Robert Crary, Jr., has revealed no traces of them, and plaintiff is informed and verily believes the fact to be that said contract files are all in the possession of the defendant and that the plaintiff saw the Gibson file in the possession of the defendant shortly after the hearing in municipal court.

"4. That the defendant has likewise refused to produce any actual receipts for the moneys paid for materials on any of the 21 contracts, but has shown only loading certificates not indicating prices or payments.

"5. That such files and receipts are of material importance in evaluating and appraising the same and the rights of the parties are in the possession and control of the defendant, one of the parties herein, discovery of which is required by petitioner in order to enable him to prepare for trial of said cause.

"6. That the plaintiff and the plaintiff's attorney, acting in the best information available have made diligent effort to check on the accounts so far shown to them but due to the multiplicity of the same and the ubiquitous character of the same, have been unable to accomplish a thorough audit up to this time, but that if given additional time such an audit may be made, upon discovery as above prayed for. The plaintiff has contacted numerous persons to whom contracts were sold and including Frank Walz and Frank Bradley, and has also contacted numerous suppliers including the Jackson Electric and the R. M. Stone Lumber Company, and others, but is unable to safely proceed to trial unless the files of the 21 contracts are made available to the plaintiff so that the supplies and materials may be cross checked between them."

Defendant filed an answer to plaintiff's petition for continuance and discovery, and alleges:

"2. In answer to the allegations in paragraph #2, defendant denies that it is necessary to check the defendant's files to ascertain the veracity of the defendant's accounts for material and labor purchased, and shows that for each job that the plaintiff obtained he was given a statement showing the items of expense together with the amount of the profit. Further answering said paragraph, the defendant shows that each broker had his own file, and after each deal was completed, a copy of the complete deal was placed in the broker's file and a check on the brokerage earned was also placed in said file, and that this practice was followed in the dealings between the plaintiff and the defendant. Further answering said paragraph, the defendant admits that he purchased materials and supplies from wholesalers and suppliers in various places.

"3. In answer to the allegations in paragraph #3, defendant shows that during the trial of a certain municipal court case, wherein the plaintiff herein was the defendant and the defendant herein was the plaintiff, the judge suggested that the parties go over the files involved and defendant shows that the parties hereto went to the office of the defendant herein where the files mentioned in paragraph #3 were shown to the plaintiff herein and said plaintiff admitted the accuracy thereof and offered to pay his indebtedness at the rate of $5 per month. Defendant further shows that said municipal court case was adjourned for 1 week on the statement of the plaintiff herein that he could obtain information to support his setoff or whatever other claim he had against the plaintiff in said cause.

"4. In answer to the allegations in paragraph #4, defendant shows that he has no receipts for moneys paid for materials on any of the 21 contracts, but he further shows that the invoices for said materials have been shown to the plaintiff, and as a matter of fact, in addition thereto, his ledger sheets have been made available to the plaintiff for examination.

"5. In answer to the allegations in paragraph #5, defendant denies that he has any receipts and he denies that the files are of material importance in evaluating and appraising the same, and he further shows that after each job which plaintiff sold to the defendant, a statement of the materials and expenses of the job was made up by defendant's bookkeeper and was available to the plaintiff, that the plaintiff had full opportunity for examination thereof, and that a check was paid to the plaintiff accordingly. Defendant further shows that the plaintiff apparently has no books, papers or other documents relating to the deals which he sold to the defendant, and defendant shows on information and belief that the motion is purely a 'fishing expedition' and made only for the purpose of delay."

The trial court granted plaintiff a continuance but denied his petition for discovery, and in an opinion stated:

"Now the plaintiff petitions for an order of discovery as to books, papers, and documents in the possession of the defendant, for the purpose of preparing for trial, under the provisions of Court Rule No 40 (1945), and asks for a continuance as well. Plaintiff makes no showing that the books, papers, and documents requested cannot be obtained by *subpoena duces tecum.*

"Under Court Rule No 40 (1945), the granting of discovery is discretionary with the court. While the tendency has been to become liberal in granting discovery for the purpose of enabling the plaintiff or defendant to plead or answer, it is apparent that the courts have not been so lenient where discovery is sought to facilitate preparation for trial, unless an affirmative showing is made that the books, papers, and documents sought cannot be obtained by *subpoena duces tecum.*"

Under Court Rule No 40 (1945), a party seeking production and discovery of documents in order to prepare for trial must allege that the information

cannot be obtained at the trial of the case by *subpoena duces tecum* (see *Gemsa* v. *Dorner,* 256 Mich 195; *Spelman* v. *Addison,* 300 Mich 690).

In the case at bar plaintiff's petition for discovery is for the purpose of enabling him to prepare for trial, and is filed under the provisions of section 1 (d) of Court Rule No 40 (1945). Plaintiff's petition alleges that all materials were purchased by defendant and all labor hired and paid by defendant, that it is necessary to check his files in order to determine the accuracy of his accounts, and that it will be necessary to contact the suppliers who furnished defendant materials for the jobs completed. In order that plaintiff may have a correct accounting it is evidently necessary for him to check the amount of labor and materials that went into each job. His petition alleges that because of defendant's failure to produce receipt for material purchased, it is necessary to find out the parties from whom defendant purchased materials and examine their records in order to determine the accuracy of defendant's records. He also urges that a *subpoena duces tecum* would not give him the necessary information in order to prepare his case for trial. While the granting of discovery is discretionary with the court, we think plaintiff has made a sufficient showing of inaccurate records kept by defendant and the need to acquire the names of parties from whom defendant purchased supplies to warrant the granting of his petition.

The decree is reversed and remanded to the circuit court of Jackson county for the granting of plaintiff's petition for discovery. Plaintiff may recover costs.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.