ROCK ISLAND BANK & TRUST COMPANY v FORD MOTOR
COMPANY

1. Discovery—Purpose.

    The purpose of discovery is to allow the parties to a lawsuit to have access to material which will assist them in preparing and trying their cases.

2. Discovery—Withholding Evidence—New Trial.

    Failure of a defendant automobile manufacturer to obey a discovery order to produce certain crash-test films entitled the plaintiffs in a products-liability action to a new trial; the Court of Appeals need not say with certainty that if plaintiffs had access to the films the jury would have found for the plaintiffs, because the films in question may have made a difference in the way plaintiffs' counsel approached the case or prepared for trial, and therefore plaintiffs may well have been denied their right to a fair trial.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 May 9, 1974, at Detroit. (Docket No. 14636.) Decided July 22, 1974.

Complaint by Rock Island Bank & Trust Company, as administrator of the estates of James A. Haskins and Odie Dowdy, and Clarence W. Kemp and Patsy Kemp against Ford Motor Company for damages resulting from an automobile accident. Judgment for defendant. Plaintiffs appeal. Reversed and remanded for new trial.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for plaintiffs.

References for Points in Headnotes

[1] 23 Am Jur 2d, Depositions and Discovery §§ 155–229.

[2] 23 Am Jur 2d, Depositions and Discovery §§ 308, 322, 324.

*Alexander, Buchanan & Seavitt,* for defendant.

Before: BASHARA, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

BASHARA, P. J. James Haskins and Odie Dowdy were killed and Clarence Wayne Kemp was injured in an automobile collision. Plaintiffs allege that injuries were primarily due to a rear-end collision which resulted in a fire in plaintiff Wayne Kemp's auto. Counts of negligence and breach of warranty were pled, averring that the fuel tank of the 1965 Ford was of inadequate construction and design, constituting a dangerous condition upon the occurrence of a rear-end collision.

The pretrial judge granted plaintiff's motion pursuant to GCR 1963, 310.1(1) for the production of test reports, movies, and photographs relating to 1965 Ford sedans. Defendant stated that no reports relative to crash barrier tests performed on 1965 Fords were made or available.

The trial court then ordered defendant to produce all motion picture films and still photographs taken of crash tests or crash-tested vehicles or components thereof on 1965, 1966, and 1967 Ford Custom Galaxies, 500s, and Galaxie 500 LTD vehicles made prior to December 3, 1967. Defendant produced ten films of crash tests involving 1966 and 1967 Fords. No records, films, or photos of 1965 Fords were produced.

The jury entered a verdict of no cause of action in favor of defendant. By mere happenstance, plaintiffs' counsel discovered, after the trial, that reports of crash tests on 1965 Ford autos were made and were still in the possession of the defendant. Plaintiff filed a motion for a new trial

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

contending that defendant improperly withheld test films on 1965 Fords, therefore not complying with court orders for discovery.

The films which defendant initially said did not exist were turned over to the trial judge subsequent to trial. The judge, after viewing the four films in question, denied the motion for new trial.

The sole issue is whether defendant's failure to comply with a court discovery order entitled plaintiffs to a new trial.

The purpose of discovery is to allow the parties to have access to material which will assist them in preparing and trying their cases. *Willard v Gaston,* 333 Mich 455; 53 NW2d 332 (1952). Defendant's counsel believed that the 1965 reports and films were not available. The fact is that they were. We must note that the basic purpose of discovery is to further the ends of justice. *Daniels v Allen Industries, Inc,* 391 Mich 398; 216 NW2d 762 (1974).

No Michigan cases have addressed the question presented. *Seaboldt v Pennsylvania R Co,* 290 F2d 296 (CA 3, 1961), however, decided a similar issue. There the Court held that failure of plaintiff's counsel to supply defendant with information concerning back treatment given plaintiff by a chiropractor prior to an accident, in violation of a pretrial order of district court directing lawyers to exchange all medical information and photographs, entitled defendant to a new trial.

In the instant case the trial judge was placed in the awkward position of having to make a determination that the jury would not have reached a different conclusion had they been able to view the after-acquired evidence. It is our opinion that if defendant had material in its possession, the subject of the order for discovery, then defendant was

not the one to determine that the material should not be submitted. GCR 1963, 306.2 clearly states:

"Upon motion *seasonably made* by either party * * * and upon reasonable notice and for good cause shown, the *court in which the action is pending may make an order* that * * * certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, * * * or that secret processes, developments, or research need not be disclosed * * * ." (Emphasis supplied.)

If defendant believed that the 1965 tests were not relevant, or were not covered by the order of discovery because of the differences between the test vehicles and the vehicle involved in the accident, defendant should have filed a motion under GCR 1963, 306.2 asking the court to rule on the films.

It is not enough to determine that counsel for the defendant did not knowingly abuse the court's order. The fact of the matter is that defendant must be charged with knowledge of the court's order.

We cannot say with certainty that if plaintiffs had access to the 1965 Ford films the jury would have changed the case from a verdict for the defendant to one for the plaintiffs. However, the films in question may have made a difference in the way plaintiffs' counsel approached the case or prepared for trial.

In conclusion, the fact that plaintiffs did not receive the ordered information which could have been made available by defendant may well have precluded plaintiffs' right to a fair trial.

Reversed and remanded for a new trial.

All concurred.