**CARTER–WALLACE, INC., Plaintiff,**

v.

**HARTZ MOUNTAIN INDUSTRIES, INC., and the Hartz Mountain Corporation, Defendants.**

**No. 81 Civ. 458(RLC).**

United States District Court, S. D. New York.

Oct. 27, 1981.

68

Breed, Abbott & Morgan, New York City, for plaintiff; Donald B. da Parma, of counsel.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendants; David Klingsberg, William Thomashower, Maris Veidemanis, New York City, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Discovery disputes have slowed the orderly course of this action in which plaintiff, Carter-Wallace, Inc. ("C–W"), seeks treble damages and injunctive relief for alleged anticompetitive activities engaged in by defendants, Hartz Mountain Industries, Inc. and The Hartz Mountain Corporation (collectively "Hartz"). Plaintiff moves pursuant to Rule 37, F.R.Civ.P., for an order compelling defendants to produce transcripts of all depositions (with exhibits) taken by A.H. Robins Company, Inc. ("Robins") in a recently settled litigation against Hartz, *A. H. Robins Company, Inc., et al. v. The Hartz Mountain Corporation*, Civil Action No. 78–0142–R (E.D.Va.1979), which was based on similar allegations of monopolization. C–W also requests fuller responses to its first set of interrogatories and a ruling on the proper form of the protective order to be entered in this case.

Hartz objects to C–W's demand for the evidence developed in *Robins* on the grounds that it is bound by a protective order entered during the course of that action and that the request is overbroad, unduly burdensome and seeks irrelevant information. That protective order, incorporated in the Final Order entered by Judge Merhige, provides that

> All documents and information disclosed or produced by a party herein shall be used solely for preparation for and use at the trial of this action and shall not be used or disclosed by the receiving party for any other purpose, including any commercial or business purpose.

In arguing for the inviolability of this provision, Hartz relies primarily upon *American Electric Power Co. v. Westinghouse*, 74 Civ. 1521 (S.D.N.Y.1977) (Carter, J.), the "leading case" of *Martindell v. ITT*, 594 F.2d 291 (2d Cir. 1979), and the favored status generally enjoyed by settlements and consent decrees as methods of terminating litigation. These arguments are unpersuasive for the following reasons.

*Westinghouse* unequivocally supports plaintiff's rather than defendant's position on this issue. There, counsel in an action against Westinghouse pending in Pennsylvania sought copies of all documents produced in a settled action against the same defendant in this court by asking the court to rule that its protective order would not prevent such production. The purported intervenors were instructed to do exactly what C–W has done here, present their discovery requests to the judge before whom their case was pending. Transcript at 24.

*Martindell* and its precursor *GAF Corporation v. Eastman Kodak Company*, 415 F.Supp. 129 (S.D.N.Y.1976) (Frankel, J.), differ from the instant case in two crucial respects. A fundamental distinction among the cases is the status of the entity to which the request for production is addressed. In *Martindell*, the Justice Department informally asked the trial judge for access to deposition transcripts generated in an action to which the government had no con-

nection. 594 F.2d at 293. And, in *GAF* it was *plaintiff* who proposed to deliver to the government documents which it had obtained through discovery procedures subject to an order of confidentiality.

Significantly, C–W seeks production not from the court whose order sealed the record nor from the party whose receipt of the information was contingent upon its maintenance of strict security over its further dissemination. Rather, discovery is explicitly directed at Hartz, the party that originally controlled the evidence and the one party not bound by an order which by its own terms prohibits disclosure only by "the receiving party." None of the cases or principles cited by Hartz support the absurd tenet that a party can avoid discovery in one case merely because it disclosed the same material to an adversary bound by a protective order in another case.

A further distinction between the case at bar and those cited by Hartz is that in those cases the federal government sought access to sealed discovery. The awesome investigatory power of the government was noted as a factor weighing against disclosure to a collateral litigant in both *Martindell, supra* at 296 and n.6, and *GAF, supra* at 132, and has been viewed as a limitation on the scope of those decisions. *See Wilk v. American Medical Association*, 635 F.2d 1295, 1299–1300 (7th Cir. 1980).

Judicial hesitance to allow a litigant to intrude upon court ordered confidentiality in prior suits also evolves from a broader, more general notion that discovery in such instances is for the party receiving it, not outsiders, *see GAF, supra* at 131, and that subsequent litigants should tailor their requests to the peculiarities of their own action. *See Westinghouse, supra* at 24. Hartz seeks to reap the benefits of this principle by claiming that while C–W can collect the testimony of the witnesses in *Robins*, it must do so by deposing them anew. But, Hartz ignores the fact that the policy against wholesale use of another's discovery by a new plaintiff must be balanced against the mandate of Rule 1, F.R. Civ.P., that the Federal Rules should be

construed "to secure the just, speedy, and inexpensive determination of every action." *See Wilk, supra* at 1299. C–W is entitled to know what defendants' personnel told Robins under oath during recent questioning. *See Olympic Refining Company v. Carter*, 332 F.2d 260, 266 (9th Cir.), *cert. denied*, 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175 (1964). And, "speedy and inexpensive determination" of this action would be confounded by a requirement that C–W conduct the same numerous, lengthy depositions taken by Robins to discover this information when the transcripts of the previous examinations might indicate that certain witnesses need not be questioned and might help focus and thereby shorten the inquiry directed to others.

█ Hartz also objects to the lack of relevance and specificity of C–W's request for all of the *Robins* transcripts. The claimed absence of relevance is premised on the suggestion that C–W's product line is more limited than that of Hartz or Robins and that C–W has different customers than those involved in the *Robins* case. Given the expansive definition of relevance under the Federal Rules, *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978), Hartz has failed to make the requisite showing here. *Robins* involved substantially similar allegations of Hartz' monopoly power and anticompetitive activities to those propounded by C–W. And, the conduct which led to both lawsuits occurred during overlapping periods of time. Testimony by Hartz witnesses pertaining to its practices in the market is arguably as relevant to this action as to *Robins* and, therefore, should be produced so that C–W can review it for possible use in this case.

█ Furthermore, Hartz' claim under Rule 34(b), F.R.Civ.P., that C–W's request was insufficiently particularized is frivolous since Hartz can easily identify the material demanded. *See Mallinckrodt Chemical Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348, 354 (S.D.N.Y.1973) (Edelstein, J.). The situation confronting C–W is somewhat unique in that the transcripts sought cannot

be defined as independent from their relation to the *Robins* action. Unlike *documents* produced in prior litigation, these transcripts did not exist before the depositions were taken. Since C–W's request is understandable and the transcripts are not presently subject to more precise identification, Rule 34(b) is satisfied.

█ The parties also quarrel about the adequacy of Hartz' responses to four specific interrogatories posed by C–W. Essentially, the questions seek information about the ownership of Hartz and its affiliates and the organizational structure of these entities for the period between C–W's entry into the pet products business in January, 1968 and the date of Hartz' answers. Hartz objects to the disclosure of any information relating to the time period preceding January 1, 1974, the date from which recoverable injuries may have occurred. There is some merit to the contention that thirteen years of information is excessive, especially since 1968 was selected because of its relevance to plaintiff's, but not defendant's, activities in the industry. But, events which antedate the statutory damages limitations period may still be probative of the alleged conspiracy. *See Hillside Amusement Co. v. Warner Bros. Pictures, Inc.*, 7 F.R.D. 260, 262 (S.D.N.Y.1944) (Rifkind, J.). As a compromise between both parties' slightly unreasonable positions, Hartz is ordered to respond to C–W's interrogatories through January 1, 1971.

C–W also complains of the substantive inadequacy of Hartz' answers, claiming that it received only a bare outline of defendant's corporate structure and hierarchical system. However, C–W does not provide the responses offered to date, leaving no basis for proper consideration of its claim. Of course, Hartz is obliged to respond fully, but no more can be said on this matter given the current state of the record.

Finally, the parties request guidance in formulating a protective order to maintain the confidentiality of certain information disclosed during the discovery process. There appear to be five specific items on which negotiations have stalled. The court

is inclined to agree with defendants on four of these disputes. There is no need for plaintiff's proposed paragraph governing the parties' obligations to comply with discovery requests in subsequent lawsuits. And, Hartz is entitled to the protection it seeks through prior notice before disclosure of confidential information involving prices to customers and competitors and restrictive definitions of the type of prior viewing of the materials that could justify present access and the type of assistants allowed to handle the information. Plaintiff is more convincing in urging informal resolution of disputes over the confidentiality issue and explicit placement of the burden of proof on the party seeking such designation. If the parties cannot settle their differences in light of these comments, as the court prefers, they should submit their separate final versions of the order and one will be selected.

For the reasons set forth above, the motion to compel is granted in part and denied in part.

IT IS SO ORDERED.