Manuel GARCIA, Sr., Individually and as Personal Representative of the Estates of Debra Garcia, Deceased, et al., Relators,

v.

The Honorable David PEEPLES, Judge, et al., Respondents.

No. C-6010.

Supreme Court of Texas.

July 15, 1987.

**344**

David L. Perry, Elaine W. Stone, David L. Perry & Associates, Corpus Christi, Manuel P. Montez, Montez & Padilla, San Antonio, David J. Bennion, Packard, Packard & Bennion, Palo Alto, Cal., W. Douglas Matthews, Schmidt & Matthews, Houston, for relators.

Thomas H. Crofts, Jr., Timothy Patton, Groce, Locke & Hebdon, San Antonio, Robert B. Summers, Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, Donald A. Howard, Strasburger & Price, Dallas, Royal H. Brin, Jr., Strasburger & Price, Dallas, for respondents.

KILGARLIN, Justice.

In this mandamus proceeding, Manuel Garcia, Sr., asks this court to direct The Honorable David Peeples, Judge of the 285th Judicial District Court of Bexar County, to vacate or modify a pre-trial discovery order limiting Garcia's use of discovered documents. We conditionally grant the writ of mandamus.

Manuel Garcia is the only survivor of a 1983 automobile accident; his 1982 Buick burst into flames after being struck in the rear by another vehicle. Garcia filed suit against General Motors Corporation and Charles Orsinger Buick, based upon strict product liability. He alleges that the fuel-fed fire was the result of a design defect in the Buick's fuel system. Only GMC is affected by this mandamus proceeding.

In response to discovery requests, Garcia obtained from GMC numerous documents relating to fuel-system integrity. On November 26, 1984, Judge Peeples rendered

an order restricting Garcia's use of those documents. Garcia contends that the trial court abused its discretion by issuing the protective order, by failing to modify the order, and by not prohibiting GMC from enforcing several protective orders issued by courts in other states.

Mandamus will issue to correct trial court actions when there has been an abuse of discretion and when there is no adequate remedy by appeal. *Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984). As in *Jampole*, since the order may prohibit Garcia from effectively preparing for trial, his remedy by appeal is of doubtful value.

Garcia contests the procedures which Judge Peeples followed in issuing the order. Tex.R.Civ.P. 166b–4 requires a movant to specify the grounds upon which the protective order is sought. Further, a movant seeking to burden discoverable facts with a protective order must demonstrate to the trial court why the order is needed to protect the interests contemplated by the rule.

Garcia argues that the trial court abused its discretion because. a blanket protective order was issued on the strength of two affidavits and without an in camera inspection of the documents. An engineer for General Motors, William Cichowski, stated in his affidavit that he was familiar with the documents and information requested. His affidavit makes it clear that the requested documents represented ongoing research and design developments, and he explained how General Motors would be injured if competitors gained access to the information.

While Texas courts have not written on the proof necessary to obtain a Rule

166b–4 protective order, federal courts have dealt with the issue pursuant to Fed. R.Civ.P. 26(c). In *United States v. Garrett*, 571 F.2d 1323 (5th Cir.1978), the court noted that a movant must show "a particular and specific demonstration of fact as distinguished from stereotyped conclusory statements." 571 F.2d 1323, 1326 n. 3 (citations omitted). Sweeping predictions of injury and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not justify a protective order. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986). Though the Texas and federal rules are not identical,[1] these requirements of a particular, articulated and demonstrable injury, as opposed to conclusory allegations, apply to motions for protective orders under Rule 166b–4.

In this case, the affidavit submitted in support of the motion for protective order was based on personal knowledge and adequately identified the facts. It allowed the trial court to conclude that GMC's documents contained trade secrets.

 As to the need for an in camera inspection of the documents by the trial court, so long as there is sufficient other proof satisfying the personal knowledge and identification of facts requirements, an in camera inspection is not mandatory. Protective orders under this rule are different from situations when a person is seeking to prevent discovery on the basis of privilege. The requirements of *Peeples v. The Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635, 637 (Tex.1985), apply when the flow of information to a party is restricted. Protective orders limiting dissemination of discovery material or-

---

1. With the promulgation of amendments to the Rules of Civil Procedure on March 10, 1987, effective January 1, 1988, Tex.R.Civ.P. 166b will more closely follow the federal rule. The applicable part will read:

 5. Protective orders. On motion specifying the grounds and made by any person against or from whom discovery is sought under these rules, the court may make any order in the interest of justice necessary to protect the movant from undue burden, unnecessary expenses, harrassment or annoyance, or invasion of personal, constitutional,

or property rights. *Motions or responses made under this rule may have exhibits attached including affidavits, discovery pleadings, or any other documents.* Specifically, the court's authority as to such orders extends to, although it is not necessarily limited by, any of the following:

 \* \* \* \* \* \*

 (c) ordering that *for good cause shown* results of discovery be sealed or otherwise adequately protected; that its distribution be limited; or that its disclosure be restricted. (Emphasis reflects amendments to rule.)

dinarily do not require in camera inspections, provided the movant has proved the need for the relief sought. Of course, trial courts may choose to utilize in camera inspections when it would be helpful to do so.

Garcia also argues that the terms of the order[2] constitute an abuse of discretion because they prevent him from sharing with non-parties the information he secures from discovery. Garcia's alleged abuse of discretion by Judge Peeples challenges the very reasons for protective orders prohibiting dissemination, and we are called upon to evaluate their utility. GMC correctly points out the hardship which would result should their competitors obtain current and relevant trade secrets. Rule 166b–4 recognizes the legitimate need to protect those secrets. For the last thirty years, the Rules of Civil Procedure have included provisions specifically tailored to prevent dissemination of trade secrets. Tex.R.Civ.P. 186b (Vernon 1957) (now Tex.R.Civ.P. 166b). This court noted the importance of protecting trade secrets through protective orders in *Lehnhard v. Moore*, 401 S.W.2d 232, 236 (Tex.1966). *See also Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959). "A public disclosure of trade secrets should not be required ... except 'in such cases and to such extent as may appear to be indispensable for the ascertainment of truth.'" *Automatic Drilling Machines, Inc. v. Miller*, 515 S.W.2d 256, 259 (Tex. 1974) (citing 8 Wigmore, *Evidence* [McNaughton rev. 1961], § 22.12[3]).

Balanced against these concerns for the confidentiality of GMC's research are the public policies favoring the exchange of information. Garcia seeks to exchange the discovery information with other persons

**2.** The relevant terms of the order provide:

It is ordered, adjudged and decreed that the business materials produced in furtherance of [Garcia's] request for production of interrogatories, and marked "produced pursuant to protective order" by General Motors Corporation:

\* \* \* \* \* \*

2. [Garcia's] counsel may make copies of the documents and other materials produced for use by [Garcia's] counsel and their experts; provided, however, that [Garcia's] counsel shall maintain a record of the documents which are copied and the number of copies made, and, further, provided that such copies shall not be disseminated or distributed other than to persons who are authorized to use them in regard to this case as provided herein.

3. The documents and any other materials produced shall not be available for inspection by any individuals other than [Garcia], [Garcia's] counsel, and any judge having jurisdiction of this matter in the 285th Judicial District Court of Bexar County, Texas. The aforementioned individuals are authorized to inspect said documents for the sole purpose of matters related to the litigation entitled *Manuel Garcia, Sr., etc., et al. v. General Motors Corporation, et al.,* cause number 85–CI–01454, in the 285th Judicial District Court of Bexar County, Texas. Nothing herein shall prevent the exhibition of the documents and other materials covered by this protective order to experts who are assisting counsel in the preparation of this matter for trial, if such counsel has first obtained the written agreement of such persons to be bound by the terms of this Order. The requirement of obtaining such written agreement may be satisfied by obtaining the signature of any such expert on a copy of this Order, having first explained the contents thereof to such person.

[Garcia's] counsel shall maintain a list of the names of all persons to whom the information is disclosed, until further order of the Court.

4. Any notes, memoranda, identification or index relating to the documents or other materials prepared by any authorized person herein shall not be disseminated and are to be solely in connection with the matter of *Manuel Garcia, Sr., etc., et al. v. General Motors Corporation, et al.,* cause number 85–CI–01454, in the 285th Judicial District Court of Bexar County, Texas. The substance of any information obtained from the documents is not to be disseminated by [Garcia's] counsel, their agents, servants, employees, consultants, experts or expert consultants of [Garcia's] counsel or [Garcia's] consultants.

\* \* \* \* \* \*

6. At the conclusion of this litigation, the documents and other information shall be returned to counsel for defendant General Motors Corporation, Ray A. Weed, subject to further orders of the court; provided, however, that said items may be offered into evidence by any parties of the trial of this cause subject to any objection.

7. Any notes, lists, memoranda, index or compilation prepared based wholly or in part upon examination of confidential documents or materials being produced herein shall not be disseminated to anyone not authorized to examine the documents or materials produced and shall be used solely in connection with the prosecution of the lawsuit in which such documents were produced and shall be subject to this protective order.

involved in similar suits against automakers. He argues that allowing information exchanges between similarly situated litigants would enhance full disclosure and efficiency in the trial system.

The United States Supreme Court noted in *United States v. Procter & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), that modern discovery rules were designed to "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." 356 U.S. 677, 682, 78 S.Ct. 983, 986. This court recognized that goal of discovery and pointed out that "the ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *Jampole*, 673 S.W.2d at 573.

Unfortunately, this goal of the discovery process is often frustrated by the adversarial approach to discovery. The "rules of the game" encourage parties to hinder opponents by forcing them to utilize repetitive and expensive methods to find out the facts. W. Brazil, *The Adversary Character of Civil Discovery: A Critique and Proposals for Change*, 31 Vand.L.R. 1295, 1303–15 (1978). The truth about relevant matters is often kept submerged beneath the surface of glossy denials and formal challenges to requests until an opponent unknowingly utters some magic phrase to cause the facts to rise. Courts across the nation have commented on the lack of candor during discovery in complicated litigation. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1341 (5th Cir.1978); *Seaboldt v. Pennsylvania Railroad Co.*, 290 F.2d 296, 299 (3rd Cir.1961); *Gammon v. Clark Equipment Co.*, 38 Wash.App. 274, 686 P.2d 1102, 1107 (Wash.Ct.App.1984), *aff'd*, 104 Wash.2d 613, 707 P.2d 685 (1985); *Buehler v. Whalen*, 70 Ill.2d 51, 15 Ill.Dec. 852, 859, 374 N.E.2d 460, 467 (1977); *Rock Island Bank & Trust Co. v. Ford Motor Co.*, 54 Mich.App. 278, 220 N.W.2d 799, 801 (Mich. Ct.App.1974); *Bollard v. Volkswagen of America, Inc.*, 56 F.R.D. 569, 583 n. 4 (W.D.Mo.1971).

■ Shared discovery is an effective means to insure full and fair disclosure.

Parties subject to a number of suits concerning the same subject matter are forced to be consistent in their responses by the knowledge that their opponents can compare those responses. *See Buehler v. Whalen*, 374 N.E.2d at 467; S. Baldwin, F. Hare, F. McGowan, *The Preparation of a Product Liability Case* § 5.2.5 (1981).

■ In addition to making discovery more truthful, shared discovery makes the system itself more efficient. The current discovery process forces similarly situated parties to go through the same discovery process time and time again, even though the issues involved are virtually identical. Benefiting from restrictions on discovery, one party facing a number of adversaries can require his opponents to duplicate another's discovery efforts, even though the opponents share similar discovery needs and will litigate similar issues. Discovery costs are no small part of the overall trial expense. Order Amending Federal Rules of Civil Procedure,. 446 U.S. 997, 1000 · (1980) (Powell, J., dissenting); *Brazil*, 31 Vand.L.R. 1295, 1358; Note, *Mass Products Liability Litigation: A Proposal for Dissemination of Discovery Material Covered by a Protective Order*, 60 N.Y.U.L. Rev. 1137, 1140 (1985). A number of courts have recognized that allowing shared discovery is far more efficient than the repetitive system now employed. Federal courts, for instance, have overwhelmingly embraced this practice in order to streamline discovery. *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir.1980); *American Telephone and Telegraph Co. v. Grady*, 594 F.2d 594, 597 (7th Cir.1979); *Phillips Petroleum Co. v. Pickens*, 105 F.R.D. 545, 551 (N.D.Tex. 1985); *Ward v. Ford Motor Co.*, 93 F.R.D. 579, 580 (D.Colo.1982); *Carter-Wallace v. Hartz Mountain Industries*, 92 F.R.D. 67, 70 (S.D.N.Y.1981); *Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 154 (W.D.Tex.1980); *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 726 (N.D.Ga.1980). The Federal Judicial Center's *Manual for Complex Litigation* also suggests sharing discovery in order to avoid duplicative efforts. *Manual for Complex Litigation*, Pt. I, § 3.11 (5th ed. 1982).

■ The facts of this case do not justify the blanket protective order, and in rendering an overbroad order, the trial court abused its discretion. GMC's interest is in protecting proprietary information from competitors, while Garcia seeks to more effectively prepare for trial by exchanging information with other litigants. The public policies favoring shared information require that any protective order be carefully tailored to protect GMC's proprietary interests while allowing an exchange of discovered documents.

■ The trial court should have balanced these competing needs and rendered an order preventing dissemination of GMC's true trade secrets only to GMC's competitors. There is no indication from GMC's affidavits in support of the motion, nor is there any reason to believe, that GMC will be harmed by the release of this information to other litigants.[3] Out of an abundance of caution, the trial court, after determining which documents are true trade secrets, can require those wishing to share the discovered material to certify that they will not release it to competitors or others who would exploit it for their own economic gain. Such an order would guard GMC's proprietary information, while promoting efficiency in the trial process.[4]

■ We also determine an abuse of discretion to exist in respect to paragraph seven of the order, requiring Garcia's attorney to relinquish his notes and lists to GMC. The indexes, notes, and memoranda referred to are an attorney's work product in every sense of the term. *Hickman v. Taylor*, 329 U.S. 495, 511, 67 S.Ct. 389, 393, 91 L.Ed. 451 (1946); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613, 616 (S.D.N.Y.1977). There is no showing that any competitor could possibly benefit from an index or list of documents prepared by an examining attorney, and thus GMC did not demonstrate the need to manage Garcia's attorney's files in order to protect its competitive edge.

Garcia's last complaint pertains to the trial court's failure to prohibit GMC from enforcing a plethora of secrecy orders rendered by other courts. Garcia's experts are evidently subject to orders inhibiting their ability to disclose information obtained in other suits.[5] We decline to hold that the trial court abused its discretion by failing to enjoin GMC from enforcing those foreign protective orders.

While a Texas court is empowered to issue an anti-suit injunction to protect its jurisdiction, that power is subject to several limitations. The full faith and credit clause, for instance, requires Texas to respect final judgments of sister states. U.S. Const. art. IV, § 1; *State of Washington v. Williams*, 584 S.W.2d 260, 261 (Tex.1979). Likewise, federal courts are beyond the reach of Texas injunctions. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 21 n. 24, 103 S.Ct. 927, 940 n. 24, 74 L.Ed.2d 765 (1983); *Donovan v. City of Dallas*, 377 U.S. 408, 413, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964). Further, prudential rules check Texas' ability to control litigation in other forums.

---

3. Moreover, we note that this proprietary information is several years old. Several federal courts have dealt with protective orders involving "stale" information. Texas courts should follow their example in drafting protective orders to take into account the age, usefulness, and ease by which competitors could gain access to the information without an anti-dissemination order. *In Re Agent Orange Product Liability Litigation*, 104 F.R.D. 559, 575 (E.D.N.Y. 1985); *United States v. Exxon Corp.*, 94 F.R.D. 250, 252 (D.C.1981); *United States v. International Business Machines*, 67 F.R.D. 40 (S.D.N.Y. 1975).

4. We reject GMC's contention that allowing shared discovery amounts to an unconstitutional deprivation of property. U.S.Const. amend. V, amend. XIV, § 1. We do not believe that allowing other litigants access to this informa-

tion (documents which they have a right to discover and use in their suit) rises to the level of a constitutional taking. While trade secrets may be property, allowing their release to noncompetitors does nothing to diminish their value. GMC's proprietary information is valuable only because other manufacturers lack access to it. *Ruckelshaus v. Monsanto*, 467 U.S. 986, 1011–12, 104 S.Ct. 2862, 2877, 81 L.Ed.2d 815 (1984); see *Coca-Cola Bottling Company of Shreveport, Inc. v. Coca-Cola Co.*, 107 F.R.D. 288, 293 (D.Del.1985). Allowing shared discovery does not give GMC's competitors a "free ride."

5. According to Garcia, one of his experts is subject to over forty orders preventing him from disclosing what he learned in other suits. Presumably, this engineer "relearns" what he knows about fuel systems in every case.

"The power to enjoin proceedings pending in a foreign jurisdiction should be exercised sparingly and only by reason of very special circumstances." *Gannon v. Payne*, 706 S.W.2d 304, 306 (Tex.1986).

 The record does not reflect what courts have issued these orders, whether the orders are final or interlocutory, nor the terms of the orders. We cannot say on this record that Garcia has carried his burden to show that a "clear equity" requires a Texas declaration or injunction. *Christensen v. Integrity Insurance Co.*, 719 S.W.2d 161, 163 (Tex.1986). While we do not condone any order which attempts to restrict the thought processes of litigants, attorneys, or experts, we cannot prevent other jurisdictions from exercising their discretion in this area. Texas courts should be guided by a principle encouraging the free exchange of information and ideas. Tex. Const. art. I, § 8; *Ex Parte Uppercu*, 239 U.S. 435, 440, 36 S.Ct. 140, 141, 60 L.Ed. 368 (1915).

Garcia is entitled to exchange information and ideas with other litigants, subject to the exceptions discussed. His attorney's work product is not subject to trial court control. We anticipate that the trial judge will allow shared discovery in accordance with this opinion. Should he fail to do so, mandamus will issue.

HILL, C.J., dissents.

HILL, Chief Justice, dissenting.

It is well-established that mandamus, as an extraordinary remedy, should not issue unless the trial court has either (1) clearly abused its discretion or (2) failed to observe a mandatory statutory provision conferring a right or forbidding a particular action. *E.g., Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985); *State Bar of Texas v. Heard*, 603 S.W.2d 829, 834 (Tex.1980). The majority opinion holds that the trial court's protective order was a clear abuse of discretion. I disagree.

The Texas Rules of Civil Procedure expressly authorize trial courts to issue "any order in the interest of justice to protect ... property rights." TEX.R.CIV.P. 166b(4). The Rules also specifically provide that trial courts may limit the distribution or disclosure of discovered documents. TEX.R.CIV.P. 166b(4)(c). Contrary to the majority's assertions, the protective order in this cause did not prohibit Garcia from disseminating documents to other litigants; the order merely required Garcia to obtain the trial court's approval before sharing any information with other litigants. Considering the interest of the parties and other litigants, this protective order is not clearly unreasonable or overly burdensome. In fact, many state and federal courts have employed such protective orders in complex litigation. *See, e.g., Cippollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3d Cir.1986); *Zenith Radio Corp. v. Matsushita Electric Indus. Co.*, 529 F.Supp. 866 (E.D.Pa.1981); *In re "Agent Orange" Product Liability Litigation*, 96 F.R.D. 582 (E.D.N.Y.1983).

The trial court's order was expressly authorized by the Texas Rules of Civil Procedure and was therefore not an abuse of discretion. If this Court believes that trial courts should not be allowed to issue such orders, then the Court should seek to change the rules through the formal procedures rather than handing down this mandamus order when a clear abuse of discretion has not been shown. Accordingly, I dissent.