SOUTHERN PACIFIC TRANSPORTA-
TION COMPANY, Relator,

v.

J. Manuel BANALES, Judge of the
105th District Court, Nueces
County, Texas, Respondent.

No. 13–89–176–CV.

Court of Appeals of Texas,
Corpus Christi.

June 8, 1989.

James L. Walker, Matthews & Bran-
scomb, Corpus Christi, Leo D. Figueroa,
and Janita C. Hernandez, Matthews &
Branscomb, San Antonio, for relator.

Stephen W. Hanks, Helm, Pletcher, Ho-
gan, Bowen & Saunders, Houston, A.E.
Pletcher, Corpus Christi, Steven R. Baker,
Helm, Pletcher, Hogan, Bowen & Saun-
ders, Houston, for respondent.

Before KENNEDY, BENAVIDES and
DORSEY, JJ.

## OPINION

KENNEDY, Justice.

In this original proceeding, relator, Southern Pacific Transportation Company, seeks a writ of mandamus against the Honorable Manuel Banales, requiring him to rescind his order compelling the discovery of a practice videotape deposition. We conditionally grant the writ.

John Percival, the real party in interest, originally brought suit for hearing loss he sustained while employed by the relator. Dr. Thomas Sumnar was a physician hired by relator to assist in conducting a hearing conservation program. As part of his preparation to testify by videotaped deposition, relator staged a practice deposition. During the course of Sumnar's actual deposition, Percival's attorneys became aware that the practice deposition had taken place and requested that the videotape be produced. Relator objected to the request for production on the basis that it was privileged work product and privileged as a witness statement. Tex.R.Civ.P. 166b (3)(a) and (c). In defense of its position that the practice deposition was work product, relator presented the affidavit of its counsel and portions of Dr. Sumnar's deposition. Relator requested a hearing, tendered the videotape to the trial court and asked him to review it *in camera.* The court did not review the tape but ordered relator to produce the requested videotape.

Tex.R.Civ.P. 166b(4) provides that when responding to discovery requests, a party who seeks to exclude any matter from discovery on the basis of an exemption or an immunity must specifically plead the particular privilege relied upon and produce evidence on such claim in the form of affidavits or live testimony presented at a hearing. Often, particularly when the claim for protection is based on a specific privilege, such as work product, the documents themselves may constitute the only evidence substantiating the claim of privilege. *Weisel Enterprises, Inc. v. Curry,* 718 S.W.2d 56, 58 (Tex.1986).

Here, relator specifically pleaded that the practice videotape preparation session constituted work product. At the hearing on

the motion for protection, relator's attorney again asserted that the videotape contained the mental impressions of the attorneys and tendered it to the court. The relator made a prima facie showing that the videotape could be privileged. We believe that the trial court abused its discretion in failing to review the videotape *in camera.*

Work product is not defined in the rules of civil procedure, and case law is of little guidance in determining what work product entails. The work product exemption has been held to protect from disclosure specific documents, reports, communications, memoranda, mental impressions, conclusions, opinions or theories prepared or assembled in actual anticipation of litigation. *Brown & Root U.S.A., Inc. v. Moore,* 731 S.W.2d 137, 140 (Tex.App.—Houston [14th Dist.] 1987, original proceeding). Notes, lists, and memoranda prepared by an attorney have also been considered attorney work product. *Garcia v. Peeples,* 734 S.W.2d 343, 348 (Tex.1987).

The work product doctrine has its origins in the United States Supreme Court decision of *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed.2d 451 (1947). In *Hickman,* the Court rejected an attempt to secure written statements, private memoranda and personal recollections prepared by counsel in the course of performing their legal duties. 67 S.Ct. at 393. Fed.R. Civ.P. 26(b)(3), mandates that the trial court should protect against disclosing the mental impressions, conclusions, opinions or legal theories of any attorney regarding litigation. An attorney's legal strategy, the intended lines of proof, evaluation of the strengths and weaknesses of a case and inferences drawn from interviews with witnesses have all been considered opinion work product. *Sporck v. Peil,* 759 F.2d 312, 316 (3rd Cir.1985). This type of information is accorded absolute protection because our adversarial system has a serious interest in maintaining the privacy of an attorney's thought processes.

Percival argues that the practice video is not work product but a potential attempt by relator's attorneys to shape the testimony of a critical independent witness and hide all such efforts behind a "cloak" of work product. However, a sworn affidavit of Dr. Sumnar, submitted to the judge, avers that he never saw the videotape, nor was it utilized in any way after it was taken. Likewise, the attorney's affidavit claims that Dr. Sumnar has never been shown any portion of the videotape in order to prepare him for his deposition.

Truth is at the very core of our legal system. Liberal discovery has been encouraged to allow all parties to obtain full exposure of the issues and facts of a case. However, we believe the work product of an attorney is equally deserving of protection. We also believe that a videotape of this nature could easily contain information which could be classified as work product. It was incumbent upon the trial court to examine the contents of the video to discern whether it contained strategy, evaluation of the strengths and weaknesses of the case or mental impressions which would be protected. Likewise, the trial court should view the videotape to determine whether it contained information tending to mold the witness' testimony, which would not be worthy of protection.

We anticipate that Judge Banales will withdraw his order to produce the videotape until he has had an opportunity to inspect the videotape *in camera* in accordance with this opinion. A writ of mandamus will issue only if he fails to do so.