In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-301 CV


____________________



IN RE FIRE INSURANCE EXCHANGE






Original Proceeding








MEMORANDUM OPINION



 Fire Insurance Exchange seeks a writ of mandamus commanding the Honorable
Donald Floyd, Judge for the 172nd District Court of Jefferson County, to vacate a
protective order and issue a different order that restricts the use and disclosure of certain
privileged documents to the specific case before the trial court and orders their return
within ten days of the trial court's loss of plenary power. Relators further request the
scope of Plaintiff's request for production be narrowed to comply with Texas Rules of
Civil Procedure. For the reasons stated below, we conditionally grant relief. 

 During the course of discovery in the underlying litigation, Cause No. E-171,697,
Betty Cowan v. Farmers' Insurance Exchange, Fire Insurance Exchange, Wardlaw Claims
Service, Inc., Continental Staffing, Inc., Michael Slagle, Ron Hagood, Larry Trahan and
Gerald Smith, the plaintiff sought production of certain documents. Because the
documents comprised trade secrets or proprietary information, the trial court issued a
protective order. Relators object that the protective order does not limit use of the
documents to this case or require the return of the documents at its conclusion.

 Because we conclude the trial court's order adequately protected Fire Insurance
Exchange from the involuntary disclosure of its trade secrets, we hold the trial court did
not abuse its discretion in this matter. See Eli Lilly and Co. v. Marshall, 850 S.W.2d 155
(Tex. 1993); Garcia v. Peeples, 734 S.W.2d 343 (Tex. 1987). (1)

 Regarding Plaintiff's Request for Production (RFP), Relators objected to RFP 3-6,
14-18, 25-39, 42-46, and 48-50. The trial court sustained Relator's objections to RFP 6
and 26. Plaintiff's withdrew RFP 16, 17, 28, 32, 34, 35, 37-39, 44, 45, 48 and 49. The
trial court stated it would review RFP 46 in camera. The record does not indicate a ruling
has been made on that objection. Therefore we do not address it. In regards to RFP 14,
Relators stated, "Subject to our retention policy, I agree to comply with Request for
Production Number 14." RFP 33 requests information demonstrating Relator's net worth
and income for the past five years. At the hearing, Relator stated, "in our response to
their motion to compel, we have agreed to supplement our discovery responses to produce
the annual statements for 2002 through 2004 regarding this information." Plaintiff's
counsel responded, "That's fine." Accordingly, we discern no grounds for relief as to
RFP 14 and 33. 

 Relator's objections to the remaining RFP (3-4, 15, 18, 25, 27, 29-31, 36, 42, 43,
50) were overruled. Generally speaking, RFP 3-5, 25, 29-31, and 36 concern production
of any materials used for instruction of claims adjusters or handlers. RFP 15, 18, 42, and
50 regard the qualifications of engineering and plumbing vendors and engineering and
remediation firms. RFP 27 seeks communications received from the Texas Department
of Insurance, The Texas Insurance Commissioner, or their agents, regarding practices in
the handling of claims for property damage under homeowners' policies. (2) RFP 43 asks
for computer programs and other documents used by Relator's employees, agents and
representatives to perform property damage estimates. All of these requests are limited
to "within Texas in the last 5 years." 

 Requests for production of documents "may not be used simply to explore." 
Dillard Dep't Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995); Loftin v. Martin,
776 S.W.2d 145, 148 (Tex. 1989). Discovery requests must be specific and include only
matters relevant to the case. See In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex.
1998). A request for "all documents relevant to the lawsuit" is overly broad. See Tex.
R. Civ. P.193 cmt. 2. "The trial court must make an effort to impose reasonable discovery
limits." In re Am. Optical Corp., 988 S.W.2d at 713. 

 The underlying dispute concerns one homeowner's insurance policy claim. The
discovery requests cover all of Texas. For example, the trial court ordered defendant to
produce from its Texas mold and foundation claim files over the last five years "[a]ny and
all materials, documents, files, invoices, and/or reports" made by the engineering and
remediation firms used by defendant in this case. Although a responding party must object
to an overbroad request, it does not have the burden to tailor a reasonable discovery
request for the requesting party. See generally In re Am. Optical, 988 S.W.2d at 712. 
The requesting party has the responsibility to narrowly tailor its requests to produce. Id.
at 713. 

 The defendant produced evidence indicating the burden imposed by the overly broad
request. The affidavit of Roger Welch, branch claims supervisor, details the costs of
reviewing all claim files in Texas for the requested information, and says to his knowledge
"the only way to determine a particular vendor's involvement in a foundation or water
damage claim would require pulling the file manually, as that informaton would not be
maintained in a separate database." Though he did not limit his affidavit to mold and
foundation claims, he estimates a review of all Texas claim files for the requested
information for one year would cost $200,000. A trial court should consider the cost of
conducting the discovery and tailor the request to provide relevant information with as little
cost as possible. (3) 

 The trial court should have ordered the discovery requests to be narrowly tailored
to the claim at issue here. Requiring production from all mold and foundation claims in
Texas is overbroad.

 We are certain the trial court will follow this decision and withdraw its order
compelling production of documents from files throughout Texas. We will grant the
petition only if the trial court does not. 

 WRIT CONDITIONALLY GRANTED. 

 PER CURIAM


Submitted on August 16, 2004

Opinion Delivered September 23, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. We decline to revisit our decision in In re State Farm Lloyds, No. 09-03-311 CV,
2003 WL 22149155 (Tex. App.--Beaumont Sept. 18, 2003, orig. proceeding) (not
designated for publication) as requested by Relators. 
2. Plaintiff's counsel agreed to limit this request "to homeowners' and mold claims." 

3. See Explanatory Statement Accompanying the 1999 Amendments to the Rules of
Civil Procedure Governing Discovery, Order of Approval of the Revisions to the Texas
Rules of Civil Procedure, Misc. Docket No. 98-9196 (Tex. Nov. 9, 1998), printed in 61
Tex. Bar J. 1140 (Dec. 1998).