**DENY; and Opinion Filed July 19, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00030-CV

### IN RE TOYOTA MOTOR SALES, U.S.A., INC.
### AND TOYOTA MOTOR CORPORATION, Relators

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15296**

## MEMORANDUM OPINION
Before Justices Brown, Schenck, and Reichek
Opinion by Justice Brown

The underlying case is a products liability and personal injury case. Following a 2018 jury trial, the trial court rendered a judgment against relators Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation (collectively "Toyota"). This original proceeding relates to the trial court's January 7, 2019 order denying in part Toyota's motion to enforce a pretrial protective order. We deny the petition.

**Background**

Pursuant to a pretrial protective order, Toyota designated information contained in several databases as "Confidential Information." Toyota also designated four depositions ("the database depositions") as confidential because the deponents purportedly testified regarding information in the databases designated "confidential" and about the databases themselves. The plaintiffs objected to the designation of the database depositions as "confidential," and Toyota moved the

trial court to resolve the confidentiality dispute. The trial court held three hearings on the motions for protection but did not rule on the motions before trial or before entering judgment. On January 7, 2019, the trial court issued an order granting in part, but denying in part, Toyota's motions for protection. In this original proceeding, relators complain of the trial court's January 7, 2019 order denying Toyota's motion for protective order as to certain deposition testimony. Toyota seeks a writ of mandamus directing the trial court to enter an order finding that the four depositions are confidential under the terms of the protective order and restricting any further use and dissemination of the depositions or the information revealed in them.

## Availability of Mandamus Relief

A trial court's post-judgment order on a motion to enforce a pretrial protective order is properly reviewed through a mandamus proceeding. *In re Ford Motor Co.*, 211 S.W.3d 295, 298 n. 1 (Tex. 2006) (per curiam) (orig. proceeding); *Icon Benefit Adm'rs. II, L.P. v. Mullin*, 405 S.W.3d 257, 261–62 (Tex. App.—Dallas 2013, orig. proceeding). Mandamus relief is proper when the trial court has abused its discretion by committing a clear error of law for which appeal is an inadequate remedy. *In re Ford Motor Co.*, 211 S.W.3d at 297–98. A trial court abuses its discretion if (1) with respect to factual issues or matters committed to the trial court's discretion, the trial court could reasonably have reached only one decision, or (2) with respect to controlling legal principles, the trial court reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* at 840.

We afford the trial court broad discretion in the granting of protective orders. *In re Eurecat US, Inc.*, 425 S.W.3d 577, 582 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). To justify a protective order, the party resisting discovery must present facts showing a particular,

specific, and demonstrable injury. *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (orig. proceeding). Conclusory allegations are not adequate. *Id.* Further, the party seeking a protective order must provide detailed information to support its claim of privilege or confidentiality. *See In re Bridgestone/Firestone, Inc.*, 106 S.W.3d 730, 732–33 (Tex. 2003) ("a party who claims the trade secret privilege cannot do so generally but must provide detailed information in support of the claim").

## Analysis

The court overruled Toyota's objections to many of the page/line designations of the database depositions for which Toyota sought protection and denied Toyota's request for a protective order as to those designations. After reviewing the designated excerpts in camera, we conclude Toyota failed to establish that the information contained in those designations is confidential as defined by the pretrial protective order. As such, the trial court did not abuse its discretion by denying Toyota's motion to enforce the protective order as to that testimony.

Based on the record before us, we conclude relators have not shown they are entitled to the relief requested. Accordingly, we deny relators' petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Ada Brown/
ADA BROWN
JUSTICE

190030F.P05

–3–