**PUERTO RICO AQUEDUCT AND SEWER AUTHORITY, Plaintiff,**

v.

**CLOW CORPORATION, et al., Defendants.**

**Civ. No. 82–2421 (HL).**

United States District Court, D. Puerto Rico.

July 7, 1986.

See also, D.C., 108 F.R.D. 304.

Harris Weinstein, Covington & Burling, Richard A. Maresca and William A. Hutchins, Chapman, Duff & Paul, Washington, D.C., and Elizabeth Armstrong De Watlington, Santurce, P.R., for plaintiff.

Salvador Antonetti-Zequeira, Fiddler, González & Rodríguez, San Juan, P.R., Jon-

athan Bunge and Robert Schuckit, Keck, Mahin & Cate, Chicago, Ill., Donald E. Engel, Clow Water Systems Corp., Carol Stream, Ill., and Mary C. Sorrell, Clow Corp., Jacksonville, Fla., for Clow Corp. and Cerro Copper Products Co.

Ramon Humberto Vargas, Caldero, Rosa Silva & Vargas, Hato Rey, P.R., for Flintkote Co.

Ivan M. Fernández, Hato Rey, P.R., for Vanguard Plastics, Inc.

James A. Toro, Chavier, Stevenson & Toro, San Juan, P.R., for Dan De Products Corp. and Western Products Co.

Charles Ruff, Washington, D.C., Adrián Mercado, Rúa & Mercado, Charles A. Cordero, Ricardo L. Rodríguez Padilla, José A. Fusté, Jimenez & Fusté, San Juan, P.R., George B. Butts, Brown, Maroney, Rose, Baker & Barker, Austin, Tex., Rafael Pérez-Bachs, McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P.R., Pedro J. Santa-Sánchez, O'Neill & Borges, Hato Rey, P.R., Roger L. Longtin, Chicago, Ill., Sonsire Ramos-Soler, Rivera, Tulla & Ferrer, Hato Rey, P.R., Amancio Arias Guardiola, Arias Cestero & Arias Guardiola, Santurce, P.R., Daniel A. Hyde, Vinson & Elkins, Houston, Tex., Cesar T. Andreu-Megwinoff, Angel L. Calero Cerezo, Santurce, P.R., John V. Baus, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for all other defendants.

## OPINION AND ORDER

JUSTO ARENAS, United States Magistrate.

On December 17, 1985, plaintiff, the Puerto Rico Aqueduct and Sewer Authority ("PRASA"), moved this court, pursuant to Fed.R.Civ.P. 37(a), to compel defendants American Brass and Iron Foundry, Clow Corporation, Shell Oil Company and WITCO Chemical Corporation to produce for inspection and copying transcripts of and exhibits to deposition testimony given by their present and former employees in litigation being conducted in District Court, 37th Judicial District, Bexar County, Texas and in the United States District Court for the Eastern District of Louisiana, which litigation allegedly involves the failure of polybutylene (pb) cold water service tubing. These four defendants, AB & I, Clow, Shell, and WITCO, have refused to produce such exhibits and transcripts.

With some exceptions, the primary basis advanced by defendants for withholding the transcripts and exhibits is their reliance on seal or protective orders issued in the other litigation.

Shell Oil Company responded to the motion to compel on January 10, 1986 arguing that it (Shell) refuses to violate the terms of the Texas protective order dated April 3, 1984 designating as confidential the depositions and exhibits which PRASA seeks to discover. Shell suggests that PRASA recur to the judge who apparently has already ruled against PRASA as a result of a request which was made by the City of San Antonio for these depositions and exhibits on behalf of PRASA.

American Brass & Iron Foundry responded to PRASA's motion to compel on January 28, 1986 objecting to the same based upon the same protective order and similar orders entered in the Texas court including an oral one responding to a request of AB & I.

WITCO filed its brief in opposition to the motion to compel on January 29, 1986, citing protective and seal orders entered in United States District Court in New Orleans and the state court in San Antonio. WITCO also attacks the relevancy of the requests for sealed information in the Louisiana case since that suit involved the use of hot water polybutylene pipe in mobile homes and not cold water pipe used in municipal water service connections although, as PRASA later points out, both cases likely cover pb resin manufacturing and possible pb resin defects, among others. Aside from considerations of relevancy, WITCO concludes, espousing the tit-for-tat postulate, that it should not be required to disclose information of consulted experts when PRASA has refused to disclose the identical information.

The Clow Corporation responded to PRASA's motion to compel on February 5, 1986 relying on the strength of the standing protective order, the ruling of the District Court, 37th Judicial District, Bexar County, Texas, refusing the mentioned discovery sought by PRASA.

Clow refers to PRASA's argument that the protective orders are not binding on production of a party's own information to PRASA and makes a terse riposte to PRASA's thrust, concluding that eight of nine deposition transcripts sought are third-party depositions and otherwise adopting the arguments of WITCO's brief in opposition to the motion to compel.

Plaintiff's reply memorandum was filed on February 12, 1986. PRASA very neatly challenges AB & I, Clow and WITCO to produce the protective orders and pertinent transcripts. PRASA emphasizes that the protective orders do not prohibit disclosure of a party's own information. PRASA requests that in the event this court or Magistrate is unsure of the proper interpretation of the other courts' orders, the defendants should be ordered to cooperate with PRASA in seeking the necessary authorization for disclosure, rather than allow the defendants to turn discovery into a shell game. PRASA concludes that it merely wishes to have access to sworn statements previously given by experts in San Antonio and New Orleans cases. The reply memorandum concludes with a request for oral argument.

WITCO responded to the reply on February 24, 1986.

We are faced with deciding issues in a small vacuum. First, whether or not protective orders never "formally" written (except for the Shell order) but orally entered, actually exist. Second, assuming all of these protective orders exist, whether they cover the material sought as to each party, and then, the procedure for modification, regarding which PRASA asks us to order the defendants to cooperate with.

Protective and seal orders have such a grave effect on discovery that it strikes us as curious that such an order would be entered orally and not in writing. For defendants to pretend that we decide any issue of coverage based upon a notion or a form of order or simple copy of a transcript reveals raw courage and studied optimism. While they may ultimately prevail, we feel it sufficient that all be required to present within twenty days of receipt of this order certified copies of the judicial proceeding, verbal order and/or written protective and seal order.

## THE LOUISIANA COURT

■■■ No doubt, a Rule 26(c) protective order is subject to modification. *See American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 597 (7th Cir.1978), *cert. denied*, 440 U.S. 971, 99 S.Ct. 1533, 59 L.Ed.2d 787 (1979). Indeed the proper way for a third party to challenge a protective order is to intervene in the main action pursuant to Fed.R.Civ.P. 24(b) for the limited purpose of seeking modification of the protective order. *See In re Upjohn Co. Antibiotic Cleocin Products, etc.*, 664 F.2d 114, 118 (6th Cir.1981); *Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 293–94 (2d Cir.1979). We will not order defendants to cooperate with plaintiff in the seeking of a modification of seal orders in the Eastern District of Louisiana. Suffice it to say that a procedural right to permissive intervention exists. *See e.g. Palmieri v. State of New York*, 779 F.2d 861, 864 (2d Cir.1985).

## THE TEXAS COURT

Rule 60, Texas Rules of Civil Procedure, reads in part: "Any party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party...."

If we order defendants not to oppose intervention and request for modification of the seal and protective orders, at very least intervention would be assured and the Texas Court would have to reach the merits of the petition. If we accept PRASA's invitation to seek cooperation, we prohibit defendants from exercising rights they have as parties in the Texas action, assign-

ing to a potential party more rights than to an actual party. We decline the invitation.

In sum, if no certified orders are presented here, F.R.E. 902(4), defendants' objections will lack merit and PRASA's motion will be granted. If the orders "exist" for our purposes, we will then consider if the material sought is covered by the respective order. If PRASA feels that modification of the orders in other litigation is necessary, it should move accordingly.

Consistent with considerations of comity, *see Rogers v. Proctor & Gamble Co.*, 107 F.R.D. 351, 352 (E.D.Mo.1985), we await the action of plaintiff, defendants and, if sought, the above mentioned courts.

SO ORDERED.