DUSHKIN PUBLISHING GROUP, INC., Plaintiff,

v.

KINKO'S SERVICE CORP., et al., Defendants.

Civ. A. No. 90–2484 (JHG & PJA).

United States District Court, District of Columbia.

May 22, 1991.

Richard G. Parker, Washington, D.C., Joel E. Lutzker, New York City, for plaintiff.

Jeffrey W. King, Washington, D.C., for defendants.

MEMORANDUM OPINION

PATRICK J. ATTRIDGE, United States Magistrate Judge.

This matter is before the court on the plaintiff's motion to compel production of "all pleadings, briefs, transcripts, interrogatory answers or other discovery" generated in *Basic Books, et al. v. Kinko's Graphics Corporation,* 758 F.Supp. 1522 (S.D.N.Y.1991), a case that was filed against the defendant in this action in the Southern District of New York. For the following reasons, the plaintiff's motion is denied in part and granted in part.

The plaintiff Dushkin Publishing Group ("Dushkin"), a publisher of anthologies intended for educational use, alleges that the defendant has infringed upon the plaintiff's copyright by copying portions of the plaintiff's anthologies for resale in the college market. Apparently, the plaintiff is not the first to sue the defendant and similar business entities[1] on these grounds, as a lawsuit filed on much of the same basis was filed by a different publishing house in the Southern District of New York against the defendant to this action in *Basic Books v. Kinko's Graphics*. The plaintiff in the Southern District action prevailed against Kinko's[2] and now Dushkin seeks the pleadings, briefs, transcripts, interrogatory answers and discovery generated in that litigation. Plaintiff's Ex. B at 7–8.

■ To the extent that Dushkin seeks documents that have been filed with the court in the Southern District and that are a matter of public record, the plaintiff's motion to compel is denied. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." *Securities and Exchange Commission v. Samuel H. Sloan & Co.*, 369 F.Supp. 994, 995 (S.D.N.Y.1973) (citation to authority omitted); *see also* 23 Am.Jur.2d § 265 at 573. The plaintiff has not made any claim whatsoever that it would be burdensome, financially or otherwise, to obtain the requested documents directly from the Southern District rather than require production from the defendant. Therefore, Dushkin's request for any pleadings or discovery filed in the *Basic Books* litigation and available to the public shall be denied.

■ This does not end the matter however, as portions of the plaintiff's broad discovery request are arguably shielded from disclosure by virtue of a protective order filed in the *Basic Books* case.[3] Although the defendant has attempted to use the existence of this protective order as a blanket objection to the disclosure of *all* documents requested by the plaintiff, the court notes that the order protects only those documents that have been designated "confidential" by the parties to the *Basic Books* litigation. Defendant's Opposition, Ex. C. Therefore, the plaintiff is entitled to documents that have not been marked as confidential in the *Basic Books* action and that have not otherwise been publicly filed with Southern District of New York.

■ As for those documents shielded by the *Basic Books* protective order, this court as a matter of comity respects the order issued by the District Court for the Southern District of New York. *United States v. A.T. & T.*, 461 F.Supp. 1314, 1343 at n. 90 (D.D.C.1978); *see also U.S. v. GAF Corp.*, 596 F.2d 10, 16 (2nd Cir.1979); Sherman, E. and Kinnard, S., "Federal Court Discovery in the 80's—Making the Rules Work," 2 Review of Litigation 9 (1982), *reprinted at* 95 F.R.D. 283, 286, n. 181. Therefore, the court will not require the production of documents which contain information that has been deemed confidential pursuant to the *Basic Books* protective order.[4] To the extent that the plaintiff should desire to obtain those additional documents, that request should be addressed to the issuing

1. Kinko's Graphics Corporation, as distinguished from Kinko's Service Corporation, was added as a defendant to this action by way of plaintiff's amended complaint December 10, 1990.

2. *See Basic Books, et. al. v. Kinko's Graphics Corporation*, 758 F.Supp. 1522 (S.D.N.Y.1991) (Opinion after trial by District Judge Constance Baker Motley).

3. The following discussion assumes that a protective order was indeed issued despite the fact that the copy of the order attached to the defendant's opposition is neither signed by the issuing judge nor file-stamped.

4. The protective order states that "[a]ny information designated "Confidential" pursuant to paragraph 1 of this Order shall be disclosed only for the purposes of [the *Basic Books*] litigation, and shall not be disclosed to any person" with certain limited exceptions not applicable here. Def.Opp. at Ex. C, p. 4. Although the intent of order presumably is merely to forbid the receiver of information designated "confidential" *by the producing party* to disclose this information to third parties, the plain language of the order is not so limited. Therefore, the court is constrained to enforce the order as written.

court in the Southern District of New York.[5]

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to compel productions of pleadings or discovery publicly filed in the *Basic Books* litigation shall be denied. In addition, this court will not require the defendant to produce discovery and other documents generated in *Basic Books* which has been marked "confidential" pursuant to a protective order filed in that action. However, the plaintiff is entitled to documents that have not been marked as confidential in the *Basic Books* action and that have not otherwise been publicly filed with Southern District of New York. An appropriate order follows this memorandum.

## ORDER

Upon consideration of the plaintiff's motion to compel, the defendant's opposition, and the entire record herein, it is this 22 day of May, 1991:

ORDERED that the plaintiff's motion to compel productions of pleadings and discovery generated in *Basic Books, et al. v. Kinko's Graphics Corporation,* 758 F.Supp. 1522 in the Southern District of New York be and hereby is granted in part and denied in part. The plaintiff's motion is denied insofar as it seeks pleadings or other discovery filed with the court and available to the public in the Southern District of New York. In addition, the plaintiff's motion to compel is denied insofar as it seeks discovery and other documents generated in *Basic Books* which has been marked "confidential" pursuant to a protective order filed in that action. However, the plaintiff's motion be and hereby is granted to the extent it requests pleadings or discovery that have not been designated as confidential in the *Basic Books* action

and that have not otherwise been publicly filed with Southern District of New York.

---

**5.** Because the life of the protective order was intended to extend past judgment, the issuing court still retains jurisdiction. *See Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 782 (1st Cir.1988) (citation to string authority omitted). Moreover, the plaintiff will most certainly have standing to challenge the protective order in the Southern District action as a Rule 24 intervenor. *Public Citizen v. Liggett Group, Inc.* at 783, *In re Beef Industry Antitrust Litigation,* 589 F.2d 786, 789 (5th Cir.1979).