Lopez, J.
Plaintiff moves pursuant to Mass.R.Civ.P. 37(a)(2) for an order to compel defendants to produce further documents, and for an order to compel defendants to provide further answers to interrogatories. Defendants oppose Plaintiffs motions to compel, contending that they have provided the information requested in compliance with Mass.R.Civ.P. 33(c) and Mass.R.Civ.P. 26. For the following reasons, Plaintiffs motions are DENIED.
Background
The Porter Square Shopping Center located in Cambridge, Massachusetts, is held in trust by Defendants, Deborah A. Ciolfi and Haig Der Manuelian, trustees of the B&M Realty Nominee Trust (collectively, “B&M”). Plaintiff Decelle, Inc. (“Decelle”) leases retail space in the Porter Square Shopping Center, pursuant to a lease originally dated 1977 and amended in 1978, 1982, 1992, and 1998. Under the original lease and the three subsequent amendments, Decelle has the right to occupy approximately 25,000 square feet in the Shopping Center until July 31, 2003.
The February 1998 Agreement and Amendment to Decelle’s lease provided for the expansion and renovation of Decelle’s space as part of a major Shopping Center renovation project. Under the lease, Decelle’s space would be expanded by approximately 11,000 square feet and reduced by approximately 4,000 square feet by September 30, 1999. When that space was not delivered, Decelle filed suit on September 16, 1999, seeking specific performance and alleging that B&M breached the February 1998 Agreement. B&M contends that they were unable to deliver that space because Decelle never performed the work required for delivery as specified by the 1998 Agreement and Amendment, thus rendering the contract void.
For purposes of Decelle’s motion to compel, the discoveiy process began on November 9, 1999, when Decelle served its first set of document requests and its first set of interrogatories. B&M served their written response on December 9, 1999[2] On January 7, 2000, B&M served their additional response to Decelle’s first set of interrogatories and on February 8, 2000, B&M produced documents in response to Decelle’s first document request.
In their response to Decelle’s interrogatories nos. 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 21, B&M referred Decelle to the documents produced in response to Decelle’s first request of documents. See Mass.R.Civ.P. 33(c). The documents provided by B&M consisted of 986 sequentially numbered pages organized to correspond with Decelle’s individual requests. Additionally, a cover letter accompanying the documents specified the pages responsive to request #23 and the pages containing a copy of the lease. On April 4, 2000, B&M provided a privilege log and additional responsive documents. Entries on the log are categorized by date, author, addressee, description and type of privilege claimed.
Decelle was dissatisfied with B&M’s initial responses to their discovery requests, particularly B&M’s answers to Decelle’s interrogatories that referenced the documents B&M produced in response to Decelle’s first document request, and with B&M’s *202 privilege log. Specifically, Decelle contends that B&M is not afforded Rule 33(c)’s option to provide business records in lieu of traditional methods of response to their interrogatories, since Decelle’s burden of sifting through the records is greater than B&M’s. See Puerto Rico Aqueduct and Sewer Auth. v. Clow Corp., 108 F.R.D. 304 (D.P.R. 1985), S.C. 111 F.R.D. 65 (D. Mass. 1986). According to Decelle, certain responses to document requests are lengthy and adorned with unintelligible, handwritten notes. Additionally, Decelle argues that the privilege log fails to identify and align the documents with Decelle’s corresponding requests and thus, Decelle cannot assess the appropriateness of B&M’s claims of privilege.
In opposition, B&M argues that Decelle misinterprets Rule 33(c)’s “equality of bother” requirement. Additionally, B&M contends that their privilege log provides sufficient information to allow Decelle to challenge B&M’s claims of privilege, and thus Decelle’s motions to compel should be denied.
Discussion
“Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.” Atlas Tack Corp. v. Donated, 47 Mass.App.Ct. 221, 224 (1999)citing Strom v. American Honda Motor Co., 330, 336 (1996). Thus, either party may compel the other to “disgorge whatever facts he has in his possession not otherwise privileged and protected from discovery.” See Hickman v. Taylor, 329 U.S. 495, 501 (1947). “The conduct and scope of discovery is within the sound discretion of the judge.” Judge Rotenberg Educ. Ctr., Inc., v. Commissioner of the Dep’t of Mental Retardation (No. 1), 424 Mass. 430, 461 (1997).
Under Mass.R.Civ.Pro. 33(c), a party whose answer depends on an examination of business records may, in lieu of answering, “specify the records from which the answer may be derived or ascertained and afford the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records . . .” The option depends on certain preconditions: (1) the documents in question have to be business records, (2) the responding party must specify the documents, (3) the responding party must state in the answer that the information sought is contained in the specified document, and (4) the burden of extracting the information would be the same for both parties. James W. Smith & Hiller B. Zobel, Rules Practice §33.4 at 321 (1974).
The first issue in this case is whether B&M has satisfied Rule 33(c)’s requirement of “equality of bother.” Although there is no Massachusetts case law on point, because Mass.R.Civ.P. 33{c)’s “procedure was taken verbatim from amended Federal Rule 33(c),” federal interpretation is guiding. See Mass.R.Civ.P. 33(c), Reporter’s Notes (1973).
“Only if the bother of deriving the information would be substantially the same for both parties may the party interrogated shift the burden to his opponent; otherwise, he may not.” Mass.R.Civ.P. 33(c) Reporter’s Notes 1973. The inquiry is whether “the relative burdens are substantially the same, not whether they are precisely equal.” Sabel v. Mead Johnson & Co., 110 F.R.D. 553, 556 (D.Mass. 1986), S.C. 112 F.R.D. 211 (D.Mass. 1986). The interrogating party has the onus burden of proving that their burden of researching an answer is heavier than the interrogated party, Puerto Rico Aqueduct and Sewer Auth. v. Clow Corp., 108 F.R.D. 304, 307 (D.P.R. 1985), S.C. 111 F.R.D. 65 (D.Mass. 1986), and this burden is satisfied upon a showing that the answers “delineating the records in which answers can be found and how the records are kept are wanting,” or that the interrogating party “had difficulty dealing with the records as they have been identified and described.” Petroleum Ins. Agency Inc., v. Hartford Accident and Indemnity Co. ,111 F.R.D 318, 320 (D.Mass. 1984), S.C. 106 F.R.D. 59 (D.Mass. 1985).
In this case, Decelle does not assert that the documents provided by B&M, which consisted of sequentially numbered pages organized to correspond with requests accompanied by a cover letter providing further assistance, were inadequate to direct them to the specific document or category of documents where answers can be found. Instead, Decelle expresses general discontent with certain documents that are lengthy and adorned with unintelligible, handwritten notes. Although B&M may be more familiar with the documents, that familiarity alone is not dispositive. Id. at 308. As such, Decelle’s discontent is not a sufficient showing to deny B&M the option the rule provides, and Decelle’s motion to compel further answers to interrogatories is denied.
The next issue is whether B&M’s privilege log provides insufficient information warranting an order to compel further production of documents. “Typically, a claim of privilege must be specific to the particular document.” Cleary v. Commissioner, 21 Mass.App.Ct. 140, 152 (1985). The party invoking the privilege defense must show that what it seeks to protect falls within the specified privilege alleged. Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 3.02 (E.D. Pa. 1980), S.C. 89 F.R.D. 63 (E.D. Pa. 1981). Such showing is satisfied when the documents are adequately listed and describe (a) the identity and position of the persons supplying the information; (b) the place, approximate date and manner of recording or preparing the instrument; (c) the names of the person or persons participating in the preparation of the document; and (d) the name and position of each person to whom the contents of the document have been communicated by copy. See International Paperboard Co., v. Fibreboard Corp., 63 F.R.D. 88, 93-93 (D.Del. 1974).
On the other side, however, the rule that applies to B&M is that objections merely stating the nature of the privilege asserted are also not enough. See Moses v. State Farm Mutual Automobile Ins. Co., 104 F.R.D. *203 55 (N.D. Ga. 1984) (objection stating information sought was covered by the attorney-client privilege or prepared in anticipation to litigation was insufficient). Nor are objections providing a vague explanation for nondisclosure. See Compagnie Francaise D’Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16 (S.D.N.Y. 1984) (privilege log providing document's date, length, origin, recipient and vague categorization for nondisclosure, i.e. “Information affects the international relations of France,” did not' satisfy the particularity element). In contrast to these cases, however, B&M’s privilege log identifies the type of instrument, date, author, addressee, type of privilege asserted, and provides a brief description stating why each document is privileged. A cursory review of the log indicates that most of the documents concern legal advice surrounding the 1998 lease amendment, the primary issue in this case. Although Decelle contends that B&M is required to identify the document request to which the document is responsive in their privilege log, there is no authority to support that position. B&M’s privilege log provides Decelle with sufficient basic identifying information to determine whether a challenge to the privilege assertion is appropriate and thus, Decelle’s motion to compel further production of documents is DENIED.
ORDER
For the foregoing reasons, Plaintiffs motions to compel further discovery are DENIED.

 On January 18. 2000, B&M began their own discovery process by serving their first set of document requests and interrogatories on Decelle. According to B&M, Decelle has not been fully cooperative with B&M’s discovery requests. However, B&M has not filed a counter motion to compel, and thus B&M’s expressed dissatisfaction will not be addressed.