118 T.C. No. 12

UNITED STATES TAX COURT

MELEA LIMITED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7268-00.                    Filed March 22, 2002.


        R sought production of certain transcripts of
depositions taken in a patent infringement suit in
which P was a defendant.  Pursuant to stipulation and
agreement of the parties to the infringement suit, the
U.S. District Court entered a protective order
regarding materials that any of the parties could label
as confidential without leave of the District Court.
In response to R's request, P refused to produce the
deposition transcripts, contending that to do so would
be in violation of the protective order.  The
transcripts are otherwise discoverable and relevant to
the tax issue before this Court.  The infringement suit
is closed, and expense, loss of time, and inconvenience
would be occasioned by requiring the parties in this
case to proceed to the District Court to attempt to
reopen the closed infringement suit.
        <u>Held</u>:  P will be compelled to produce the
protected materials, and this Court's compulsion order
will incorporate the requirements of the District
Court's protective order to continue the protection of

any proprietary business information that may be contained in the deposition transcripts.

Eric J. Zinn, for petitioner.

Michael J. Cooper, for respondent.

OPINION

GERBER, Judge:  We consider respondent's motion seeking to compel production of transcripts of certain depositions from petitioner.  Petitioner's refusal to produce is based on its argument that production would result in a violation of a protective order issued by another court.  We consider whether it would be appropriate to compel petitioner to produce under such circumstances.

Background

Melea Limited is a Gibraltar corporation with a business address in Geneva, Switzerland.  Michael Ladney (Ladney), who is the petitioner in a related case pending in this Court, is a U.S. citizen who was the prior owner of several patents associated with petitioner's business activity, as it relates to plastic injection molding.  Ladney is the principal shareholder of several U.S. corporations involved in the manufacture of plastic parts.  At some time, Ladney transferred patents and other assets to offshore entities, including petitioner.

Without detailing the relationships of the various entities that respondent contends exist, we note that respondent determined generally that certain U.S. entities related to Ladney are dependent agents of petitioner which, within the context of section 864(c)(5),[1] negotiated contracts on behalf of petitioner. On that premise, respondent determined that petitioner's income is from sources outside the United States which are effectively connected with petitioner's U.S. trade or business. Apparently, petitioner does not deny that it had a U.S. trade or business but disputes that its income from sources outside the United States is effectively connected with its U.S. trade or business.

Respondent seeks copies of deposition transcripts taken in connection with litigation in the U.S. District Court for the Middle District of Florida. Petitioner was a defendant in litigation styled <u>Cinpres Ltd. v. Hendry</u>, Case No. 96-752-CIV-T-24B (M.D. Fla., Dec. 12, 1998) (<u>Cinpres</u> case). That case involved a patent infringement action brought by Cinpres, a British company, against petitioner and a competitor of petitioner. Petitioner, a foreign corporation, questioned the U.S. District Court's jurisdiction over it, and depositions were taken, in part, to discern the relationship between petitioner

---

[1] Section references are to the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.

and two of Ladney's U.S. entities (the same ones that respondent determined were petitioner's dependent agents).

Pursuant to stipulation and agreement of the parties in the Cinpres case, the District Court entered a protective order on June 10, 1997, in order to "expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentially, adequately protect material entitled to be kept confidential, and insure that protection is afforded only to material so entitled".

Although there had been disagreement between the parties as to the content of the order, the parties, after assistance from the District Court, stipulated and agreed to an order, which the District Court approved. Under the protective order, any party, without court approval, could designate documents as either "confidential" or "attorney's eyes only" by stamping same on the document. Only documents containing "highly sensitive business or technical information" could be stamped for "attorney's eyes only". The Cinpres case was closed on December 12, 1998, without a trial and following a settlement reached by the parties.

In pertinent part, the Cinpres protective order contained the following prohibition on the use of documents classified as confidential by the parties: (1) Other than use by the parties to the Cinpres litigation and their counsel, disclosure of a classified document was not permitted without prior written

consent of the party that had classified the document as confidential; (2) parties could apply to the court for declassification of a document; (3) confidential information in depositions could be classified as confidential by underlining the confidential portion and designating that portion as under the protective order; (4) if a classified document was subpoenaed or ordered produced by another court, the party that classified the document was to be advised; (5) classified documents were to be used only for preparation and trial in the Cinpres case; (6) the protective order provisions did not terminate at the conclusion of the Cinpres case; and (7) within 120 days of the termination of the Cinpres case the parties' counsel were permitted to maintain one set of protected matter, and all other copies were to be returned to originating party or destroyed, at the option of the originating party.

Initially, petitioner refused to produce any of the depositions but now has produced redacted versions to respondent. The redacted versions reflect that the redacted portions had been classified as confidential under the protective order.[2] Respondent contends he is entitled to the redacted portions. Petitioner contends that to the extent it has not produced

---

[2] There is no indication who classified the redacted portions. We assume that the deponent classified the redacted portions. The deponents were generally either parties or their agents.

documents or provided the redacted portions, it is unable to do so because of the protective order entered in the Cinpres case.

Discussion

Petitioner urges this Court to respect the terms of the protective order, which prohibits disclosure without modification of the order and/or approval of the District Court that issued the order. Petitioner suggests that respondent should first attempt to request the District Court that issued the order to modify it in order to accommodate the disclosure. Petitioner further postulates that this Court should not entertain respondent's discovery request until after respondent has shown that he was unable to obtain the materials from the District Court. Petitioner, however, also argues that respondent is not entitled to the protected material. We note that petitioner, who was a party in the Cinpres case and would have standing under the terms of the protective order, has not offered to approach the District Court to facilitate respondent's access to the protected material.[3] Petitioner is vigorously attempting to keep

---

[3] We observe that petitioner has resisted the production of the depositions. Petitioner appears to be using another court's protective order as a shield or bar to compliance with respondent's discovery request. Petitioner has not suggested any alternatives and has displayed an aversion to seeking modification of the protective order under consideration. Petitioner does not contend that any portion of the deposition transcripts it has withheld contains proprietary business information that would be in need of protection.

from respondent the redacted portions of the deposition transcripts.

The material sought by respondent is relevant to the issues we consider. As stated in Rosenfeld v. Commissioner, 82 T.C. 105, 112 (1984):

> Rule 70(b) limits discovery to information or responses which are relevant to the subject matter of the pending litigation and which are not otherwise protected from discovery on the ground of privilege or other limitation. The standard of relevancy in a discovery action is liberal. Zaentz v. Commissioner, 73 T.C. 469, 471-472 (1979). The burden of establishing that the documents or responses sought are not relevant or otherwise not discoverable is on the party opposing production. Rutter v. Commissioner, 81 T.C. 937 (1983); Branerton II, supra at 193; P.T. & L. Construction Co. v. Commissioner, supra at 408.

Petitioner has not shown that the material sought by respondent is not relevant. Petitioner, however, has raised the question of whether the protective order issued in the Cinpres case is a limitation on production in this proceeding.

This is our first occasion to consider whether this Court should order the production of material which was subject to another court's protective order in a case which has been closed. Under the District Court's protective order, a party or "aggrieved entity" was permitted to intervene to declassify a document. Clearly, petitioner would have been entitled to seek to declassify the redacted portions of the deposition. To the extent petitioner is the classifying party, it may have been entitled to disclose without declassification. Respondent,

possibly as an "aggrieved entity", would have been able to seek declassification of the materials sought here.[4]

There appears to be no question about whether the protective order survived the Cinpres litigation and continues to have full force and effect on the parties subject to it or about the issuing District Court's ability/authority to modify or revoke the order. See Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 780-782 (1st Cir. 1988).

Matters of comity influence courts' decisions whether to issue orders that affect or modify protective orders issued by other courts. See, e.g., Deford v. Schmid Prods. Co., 120 F.R.D. 648, 650, 655 (D. Md. 1987); Puerto Rico Aqueduct & Sewer Auth. v. Clow Corp., 111 F.R.D. 65, 67-68 (D.P.R. 1986). "These principles, while unquestionably important, are not absolute, and courts asked to issue discovery orders in litigation pending before them also have not shied away from doing so, even when it would modify or circumvent a discovery order by another court". Tucker v. Ohtsu Tire & Rubber Co., 191 F.R.D. 495, 499-500 (D. Md. 2000).

Respondent did not have the opportunity to intervene in the Cinpres case to seek access to the materials, and we are not

_____

[4] We must assume from petitioner's argument that respondent should first attempt to obtain the documents by seeking them from the District Court that petitioner believes that respondent had standing under the protective order to seek declassification of a document.

certain that respondent has standing to currently seek modification of the protective order that was entered. The materials in question go to the heart of the merits of the tax controversy in this case; i.e., the relationship between petitioner and certain U.S. corporations. Under similar circumstances, courts have recognized that a practical solution may be needed. In that regard, the Cinpres case is closed, and considerable delay and expense would be occasioned by the reopening of that case or the filing of a new action to seek modification of a protective order. Tucker v. Ohtsu Tire & Rubber Co., supra at 500.

One pivotal consideration is whether the court issuing the order merely sanctioned the agreement of the parties or whether the terms of the order instead reflect the issuing court's deliberative process. Where the issuing court has merely sanctioned the parties' agreement, those circumstances have been considered to be more like a private "contract" between the parties than a holding of a court. Id.

The circumstances of the case before us appear to fit within the guidelines that have been established by other courts for compelling discovery of material that was specifically or generally under a protective order of another court. We proceed with caution and employ a pragmatic approach to a difficult procedural problem. In doing so we follow the direction of

several other Federal courts.[5]  The court in <u>Tucker v. Ohtsu Tire & Rubber Co.</u>, <u>supra</u>, formulated guidelines, which it distilled from various court holdings, to assist in deciding whether it is appropriate to enter a discovery order that would have the effect of modifying an order issued by another court.  We find that formulation helpful in our consideration of respondent's motion to compel petitioner's production of the deposition transcripts in question.

The first area of inquiry is the nature of the other court's protective order.  This inquiry focuses on whether the order was issued by a court as its resolution of a controversy or whether the court simply approved the parties' agreement.  Courts have afforded less deference to orders based on an agreement of the parties and merely approved by the court.  Conversely, more deference has been afforded in situations where a court's order resulted from a holding that is based on the court's deliberative process.

---

[5] Cases where one court compelled production of material from a prior proceeding subject to a protective order:  <u>Morton Intl., Inc. v. Atochem N. Am., Inc.</u>, 18 U.S.P.Q.2d 1411 (D. Del. 1990); <u>LeBlanc v. Broyhill</u>, 123 F.R.D. 527 (W.D.N.C. 1988); and <u>Carter-Wallace Inc. v. Hartz Mountain Indus., Inc.</u>, 92 F.R.D. 67 (S.D.N.Y. 1981).  Cases where production was denied:  <u>Dushkin Publg. Group, Inc. v. Kinko's Serv. Corp,</u>, 136 F.R.D. 334, 335 (D.D.C. 1991); <u>Deford v. Schmid Prods. Co.</u>, 120 F.R.D. 648, 650, 655 (D. Md. 1987); and <u>Puerto Rico Aqueduct & Sewer Auth. v. Clow Corp.</u>, 111 F.R.D. 65, 67-68 (D.P.R. 1986).

Concerning this aspect, petitioner contends that the protective order in the Cinpres case was entered after an extended period of disagreement by the parties, hearings by the District Court, and assistance/involvement of the judge. Petitioner also points out that the protective order that was finally entered was different in some respects from those originally proposed by each party. Petitioner contends that the order we consider did not merely represent a ministerial act by the District Court, and, accordingly, more deference should be afforded the order.

Respondent points out that the parties stipulated and agreed to the protective order entered by the District Court. In that regard, the order and the matters it covers were not subjected to deliberation by the District Court. Although the District Court played a role (mediator or monitor) in resolving the parties' disagreement/negotiations regarding the content of the proposed protective order, the District Court did not deliberate or decide the controversy. Ultimately, the District Court entered a protective order which had been stipulated and agreed to by the parties. Under those circumstances, less deference need be afforded the protective order on the theory that it is essentially an agreement of the parties. Although we pay less deference to the order conceptually, we defer to its substance

and intent to protect the confidential materials that may be contained in the deposition transcripts.

The second Tucker factor concerns the identity of the party from whom discovery is sought. This factor focuses on whether the document sought is from a person originally entitled to have it. As a party to the Cinpres case, petitioner was entitled to the transcript of depositions, and, therefore, petitioner was an original holder of this document.

Petitioner points out that the Tucker case involved a one-sided order; i.e., the protected materials flowed from one source. Petitioner contends that the circumstances of this case are different because it was not a one-sided (sole source) order. Respondent counters that the documents sought (depositions) could have been designated as protected by any of the parties in the Cinpres case. In effect, the deposition transcripts are the rightful property of each litigant and could have been treated by any as confidential. In that regard, petitioner has not shown or contended that the redacted portions of the deposition testimony were exclusively sourced in another party in the Cinpres case.[6] Additionally, petitioner does not contend that the redacted portions of the deposition transcripts contained material that,

---

[6] If petitioner had shown that the protected material was exclusively sourced in another, the protective order provides for notice to that party before production of a protected document pursuant to another court's order.

in substance, requires protection, such as proprietary business information.

The third <u>Tucker</u> factor concerns whether the case in which the order was issued is still pending, and if not, the court is to consider the burden and expense that will be incurred in order to seek modification of the order. The District Court proceeding was settled by the parties and is no longer pending. On this aspect, petitioner recognizes that expense and delay would be occasioned by an action to reopen the infringement proceeding simply to seek modification of the protective order. Petitioner, however, contends that it is the only avenue by which the protective order should be approached and that this Court should not "circumvent" the District Court's order.

Respondent contends that he is not a party to the <u>Cinpres</u> case. In addition, intervention in the <u>Cinpres</u> case would require the involvement of the U.S. Department of Justice, which would further complicate this matter and increase the expenditure of public resources. Respondent also contends that it would be an imposition on the District Court to interject it into a discovery dispute in the U.S. Tax Court.

We agree with respondent. The District Court would have to be asked, for the first time, to interpret and/or to modify an order negotiated by the parties in a case that is now closed and final. The additional cost in expense, time, and inconvenience

of the courts and the parties to seek review by the court that issued the order is not warranted in this setting.

The final factor concerns whether this Court, by incorporating similar terms and protections in our order, could continue the protections originally approved in the District Court's order. On that point, petitioner argues that neither petitioner nor respondent has moved this Court for such a protective order. Petitioner's concern is that the Cinpres case involved patent infringement and the possible need to protect any proprietary business information. In that regard, the District Court's protective order appears to adequately provide for protection of any proprietary business information. If we incorporate the terms of the District Court's protective order into an order compelling the production of the requested deposition materials, the same obligations and restrictions will be imposed, with the exception that they will now be imposed on respondent. We see no reason why the terms of the District Court's protective order cannot be incorporated into this Court's order compelling any production of materials from the Cinpres case.

As explained, the information respondent seeks is relevant to the issues we consider. It would be unjust to permit petitioner continued access to this type of information with no access to respondent. Another approach to remedying this

situation would have been to order petitioner to produce the materials without addressing the protective order. To simply order such production would, however, place petitioner in the position of having to seek modification of the Cinpres order and to bear the expense of same. As a practical matter, petitioner has not shown why the approach we have chosen (order production with continued protection under the terms of the protective order) is not appropriate under the conditions we consider.

To reflect the foregoing,

An order will be issued granting respondent's motion to compel and providing for continued protection of the materials to be produced.